IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES GLENN HOOD, #586729, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0662-P |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Ramsey Unit in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process pending preliminary screening.

Statement of Case: Petitioner pled nolo contendere to the offense of aggravated robbery in the 291st Judicial District Court of Dallas County, Texas, in Cause No. F05-60263. (Petition (Pet.) at 2). On May 18, 2006, the trial court sentenced Petitioner to fifty years imprisonment. (*Id.*). Petitioner did not appeal. (*Id.* at 3).

On March 19, 2007, Petitioner filed in the convicting court a state habeas application, pursuant to art. 11.07, Texas Code of Criminal Procedure, raising the claims at issue in this case. (*See* Attachment I, for copy of first page of Judicial Information for writ No. W05-60263-A). On August 22, 2007, the Texas Court of Criminal Appeals (TCCA) denied the application without written order on the trial court's findings without a hearing. *See Ex parte Hood*, WR-68,099-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =253671. (*See also* Copy of white card attached to federal petition).

In his federal petition, filed on April 17, 2008, Petitioner alleges his plea was involuntary, his confession was coerced, he was denied the effective assistance of counsel, and he was denied a correct competency trial. (Pet. at 7).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684 (2006).[2]

The one-year period is calculated from the latest of either (A) the date on which the

---

[1] For purposes of this recommendation, the petition is deemed filed on April 15, 2008, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On May 2, 2008, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on May 12, 2008.

judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his conviction became final on June 17, 2006, thirty days after the judgment was entered. *See* Tex. R. App. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on June 18, 2006, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of March 19, 2007, the date on which Petitioner filed his art. 11.07 application, 274 days of the one-year limitations period had elapsed. The state application remained pending until August 22, 2007, during which time the one-year period was tolled

pursuant to 28 U.S.C. § 2244(d)(2). *See also Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one year-period resumed running on August 23, 2007, and expired 91 days later on November 22, 2007. Therefore, the federal petition, deemed filed as of April 15, 2008, is clearly untimely absent equitable tolling.

In response to the court's show cause order, Petitioner concedes his petition is time barred. He alleges, however, three reasons to excuse the belated filing of his petition: (1) ineffective assistance of trial counsel in failing to file a direct appeal; (2) unfamiliarity with the law; and (3) mental illness/medical disability. (Pet's response filed May 12, 2008).

Insofar as Petitioner requests equitable tolling, his claims lack merit. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

While trial counsel's failure to perfect a direct appeal may constitute ineffective assistance of counsel, it does not justify equitable tolling. Since counsel's conduct in failing to perfect a direct appeal occurred before the date on which Petitioner's convictions became final, it is irrelevant for purposes of tolling the one-year limitations period. The Fifth Circuit has recognized that the alleged violation of the right to effective assistance of appellate counsel does not toll the one-year limitations period for filing federal habeas petitions. *See Molo v. Johnson,* 207 F.3d 773, 775-76 (5th Cir. 2000). In *Molo,* the Court stated:

> Whether Molo had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations. The same is so of his claim that the Texas Court of Criminal Appeals erred under state law when it denied his out-of-time appeal.

*Id.* *See also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision.").

Nor does Petitioner's unfamiliarity with the law "due to illiteracy and or any other reason" "merit[] equitable tolling." *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *see also United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).

Likewise Petitioner's medical disability as a result of his mental disease does not warrant equitable tolling. The Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling of the one-year limitations period. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Such mental illness must render the petitioner unable to pursue his legal rights during the relevant time. *See Smith v. Johnson,* 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) (per curiam) (unpublished) ("a prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights"); *Barton v. Quarterman*, No. H-07-1192, 2007 WL 3228107, *5 (S.D. Tex., 2007); *Aragon v. Dretke,* Civil Action No. 4-04-CV-607-Y,

2005 WL 43973 at *1 (N.D.Tex., 2005); *Hogue v. Dretke*, No. 3:04-CV-716-K, 2004 WL 330591, *3 (N.D.Tex., 2004); *Reyna v. City of Coppell,* No. 3:00-CV-2100-M, 2001 WL 520805 at *1 (N.D.Tex., 2001); *Hennington v. Johnson,* No. 4:00-CV-292-A, 2001 WL 210405, *4 (N.D.Tex., 2001).

More recently, in *Roberts v. Cockrell,* 319 F.3d 690, 695 (5th Cir. 2003), the Fifth Circuit found equitable tolling inapplicable where an inmate was hospitalized thirteen times in a one-year period. In that case, the Fifth Circuit concluded that the petitioner failed to "suppl[y] the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." *Id.*

The Petitioner in this case has submitted nothing to demonstrate that he was not sufficiently competent to pursue his legal rights during the one-year limitations period, other than for his unsworn and self-serving allegation. His sister's affidavit, attached to the federal petition, confirms Petitioner's long history of mental disability and drug abuse, and complains about counsel's ineffective assistance during sentencing. The affidavit, however, does not make any reference to Petitioner's competency to pursue his legal rights during the one-year limitations period. The filing of the *pro se* art. 11.07 application obviously indicates that Petitioner had the mental capacity to draft and file an 11.07 writ on his own. Moreover, while the court does not have a copy of his 11.07 writ, it was apparently sufficiently well written to permit the district attorney to file a response, and to allow trial counsel to rebut the accusations that he rendered ineffective assistance and that Petitioner was incompetent when he pled guilty. Petitioner's conclusory claims, unsupported by medical evidence, are insufficient to meet

6

Petitioner's burden to establish that a mental impairment interfered with his ability to file a § 2254 application in a timely manner. *See Nelson v. Cockrell*, No. 4:03cv220-Y, 2003 WL 21782287, *1 (N.D.Tex., 2003) *(citing Hennington,* 2001 WL 210405, at *4).

Moreover, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the nine-month delay between the date his state conviction became final and the date he filed his state habeas application. Armed with his sister's affidavit, executed only two and one-half months after his conviction became final, the court sees no reason for the lengthy nine month delay. Nor does Petitioner provide any reason for the seven and one-half month delay between the denial of his state writ and the filing of the federal petition. Such unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4-5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation accepted (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights." *Fisher* v. *Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

7

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the habeas corpus petition with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 18th day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



DA CASE ID W-0560263-A     JUDCL CASE ID W-0560263-A

A010 DEF NAME HOOD CH     C010 DEF NAME HOOD CH

J U D I C I A L   I N F O R M A T I O N

A010-020-030-040     FILE DATE 031907

DEF NAME HOOD_CHARLES_GLENN_____ RACE _ SEX U DOB 00000000 AGE ___

DEF ADR1 _____ AC ___ PH _____ SS ********************

DEF CITY _____ ST __ ZIP _____ DLNUM ************* DLST __

OFF 1107_PEN_WRIT_____ DT 000000 TYP/CL F P GOC/CAT _ _ CODE VA000300

COMT _____ SID NUM _____ OF AMT _____

COMPLAINANT _____ TAPE # _____ ARREST DATE 000000

JUV STAT _ REPEAT OFFENDER _ CAREER OFFENDER _ ORIG-LOC WRIT___ CURR-LOC _

FILING AGENCY _____ SER/CAS NO _____ ARREST NUM _____

LAI NUM _____ AIS/DSO NO _____ BOOKIN NUM _____

JP FILE DATE 000000 JP CASE ID _____ JP COURT ID __ FED _ EVH _ AFF _

MAGISTRATE DATE 000000 MAGIS COURT __ MAGIS JUDGE _____ BOUND OVER _

EXAM TRIAL DATE 000000 EXAM COURT __ EXAM JUDGE _____ IND METH WRT

GJ/H/R DT _____ _ GJ# _____ GJ/W/FILE 031907 GJ DS X DA DSP _ ACC _ REAS _

DA DISPOS DATE _____ MISDEMEANOR REDUCTION _ SENTENCE PROBATED _

JUDCL CASE ID W-0560263-A GJ CT __ PROS STAT _ ___ PROS NAME _____

COURT ASSIGNED TO FU DATE ASSIGNED 031907 ASSIGNED BY M REASON M

PRECEEDING DA CASE ID _____ SUCCEEDING DA CASE ID _____

TRN _____ TRS ____ WARRANT STATUS _ STATE OFF CD 00000004__
Mon Apr 21 11:08:53 CDT 2008

[Page Down] [Page Up] [Close Window]